IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD G. DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0259–MJR–SCW |
| | ) |
| VENERIO M. SANTOS, LISA KREBS, CHRISTINE KRACHT, GINA FEAZEL, ROBERT BRADLEY, JULIE HAMOS, S.A. GODINEZ, WEXFORD HEALTH SOURCES, INC., DANIEL CONN, and JOHN DOE DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

# ORDER

**REAGAN, District Judge:**

*Pro se* Plaintiff Donald Duncan, an inmate at Centralia Correctional Center in the Illinois Department of Corrections (IDOC), has brought this civil rights action pursuant to 42 U.S.C. § 1983. Duncan claims that, while incarcerated at Centralia, Defendants Santos (Centralia's site Director for Wexford Health Sources, which provides medical care on a contract basis), Krebs (Centralia's Healthcare Unit Director), Kracht (a nurse), Feazel (a grievance counselor), Bradley (the warden), Hamos (the former IDOC medical director), Schicker (IDOC's current medical director), and Godinez (the IDOC Director) were deliberately indifferent to his serious back problems, in violation of Duncan's Eighth Amendment rights. According to the Complaint, Defendants Wexford Health Sources, Daniel Conn (Wexford's executive VP and COO), and some number of Wexford-affiliated John Doe Defendants also acted with deliberate indifference to his back problems. Duncan finally alleges that Santos "basically physically assaulted" him during a treatment session in June 2011. In his request for relief, Plaintiff seeks only money damages and costs.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. On review, the court shall identify cognizable claims or dismiss any portions of the complaint that are frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity. **28 U.S.C. § 1915A(b)**. To state an Eighth Amendment deliberate indifference claim, a plaintiff must allege that he had an objectively serious medical need, and that a defendant was aware of that need but deliberately indifferent to it. *See King v. Kramer*, **680 F.3d 1013, 1018 (7th Cir. 2012)**. A state actor's use of force is excessive when it entails the unnecessary and wanton infliction of pain. ***Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 667 (7th Cir. 2012)**. Accepting Plaintiff's liberally-construed allegations as true, the Court finds that Duncan has articulated a colorable federal cause of action against Defendants Santos, Krebs, Kracht and Feazel for deliberate indifference to his serious back problems (**Count 1**). Further, Duncan has articulated a colorable federal cause of action against Santos for excessive force (**Count 2**).

But the claims against Defendants Bradley, Hamos, Schicker and Godinez — all of whom are alleged to have done nothing more than deny Plaintiff's grievances — must be dismissed. None of them had a direct role in providing medical treatment at Centralia (and *respondeat superior* liability does not attach in § 1983 cases, ***see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001))**, and Duncan has no constitutional right in having his grievances resolved in his favor, ***Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). *See also Burks v. Raemisch*, 555 F.3d at 595 ("[T]he Superintendent of Prisons and the Warden of each prison [are] entitled to relegate to the prison's medical staff the provision of good medical care.")**. Defendants Bradley, Hamos, Schicker and Godinez will be **DISMISSED** without prejudice.

Similarly, as to Duncan's claims against Wexford Health Services, Daniel Conn (Wexford's executive VP and chief operating officer), and an unknown number of Wexford-

affiliated John Doe defendants, Duncan has failed to state a claim upon which relief can be granted. Wexford, which provides contract medical services at Centralia, cannot be liable for money damages because the doctrine of *respondeat superior* liability is not applicable to § 1983 actions.  **Sanville, 266 F.3d at 740.**  And since Duncan has not claimed that Wexford's policies or procedures have harmed him, he cannot maintain suit against Wexford or, by extension, its executives (whom Duncan does not allege had any personal involvement in his medical care).  **See Woodward v. Corr. Med. Servs. of Ill., 368 F.3d 917, 927 (7th Cir. 2004).**  Defendants Wexford Health Sources and Daniel Conn, as well as the John Doe Defendants, will therefore be **DISMISSED** without prejudice.

## DISPOSITION

Defendants Bradley, Hamos, Schicker and Godinez are **DISMISSED** without prejudice.  Defendants Wexford Health Sources and Daniel Conn, as well as the John Doe Defendants, are also **DISMISSED** without prejudice.  The case will proceed against Defendants Santos, Krebs, Kracht, and Feazel.

The Clerk of Court shall prepare for Defendants Santos, Krebs, Kracht and Feazel: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only

for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant was deemed to have entered into a stipulation that the recovery,

if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATE:  August 13, 2012**              /s/ *Michael J. Reagan*
                                        **MICHAEL J. REAGAN**
                                        United States District Judge